UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNFILTERED WITH KIRAN, LLC, ET AL. | |
| | CIVIL ACTION |
| VERSUS | |
| | NO. 22-937-JWD-SDJ |
| CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE, ET AL. | |

## ORDER

Defendants, City of Baton Rouge/Parish of East Baton Rouge ("City/Parish") and Murphy Paul ("Chief Paul"), individually and in his official capacity as Chief of the Baton Rouge Police Department ("BRPD"), (collectively, "Defendants"), have filed a *Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted Pursuant to Federal Rule[] of Civil Procedure 12(b)(6)* (Doc. 11) ("*MTD*"). Defendants argue that the claims by Plaintiffs, Unfiltered with Kiran, LLC ("UWK") and Kiran Chawla (collectively, "Plaintiffs"), fail for a number of reasons. Specifically, Defendants contend that: (1) Plaintiffs have failed to adequately plead that their First Amendment rights were violated; (2) Chief Paul is entitled to qualified immunity; (3) Plaintiffs have no viable *Monell* claim; and (4) the Court should decline to exercise supplemental jurisdiction over any state law claims. (*See* Doc. 11-3.) Defendants thus argue that the *Complaint for Injunctive and Declaratory Relief* (Doc. 1) is defective for failing to articulate a plausible claim (as required by the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Plaintiffs maintain that they have withstood the *MTD*. (*See* Doc. 16.) Alternatively, Plaintiffs ask for leave to amend to cure any deficiencies detailed in the *MTD*. (*See id.* at 23.)

The Court reviewed the motion. Without expressing any view as to its merits, the Court affords Plaintiffs an opportunity to cure the purported pleading defects; the Court grants Plaintiffs leave to file an amended complaint, in accordance with Fed. R. Civ. P. 15(a)(2). *See Jordan v.*

*Gautreaux*, 593 F. Supp. 3d 330, 372–73 (M.D. La. 2022) (granting leave to amend following successful Rule 12(b)(6) motion, despite earlier amendment, when plaintiffs had not previously amended the complaint in response to a ruling on a Rule 12 motion).

An amended complaint must plead specific factual allegations that, if true, would "plausibly give rise to an entitlement to relief," *Iqbal*, 556 U.S. at 679. Plaintiffs will be given twenty-eight (28) days, or until September 8, 2023, in which to amend their *Complaint* to plead viable claims. Failure to cure any deficiencies previously identified by Defendants may result in the dismissal of the claims with prejudice if Defendants assert another motion to dismiss which proves successful.

Accordingly, **IT IS ORDERED** that Defendants' *Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted Pursuant to Federal Rule[] of Civil Procedure 12(b)(6)* (Doc. 11) is **DENIED WITHOUT PREJUDICE.** Defendants can re-urge any argument made in their *MTD* in response to an amended complaint, if appropriate.

Signed in Baton Rouge, Louisiana, on **August 11, 2023.**

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**