UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNFILTERED WITH KIRAN, LLC AND KIRAN CHAWLA** | **CIVIL ACTION NO.: 22-cv-937** |
| **VERSUS** | **JUDGE: JOHN W. deGRAVELLES** |
| **CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE AND MURPHY PAUL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF THE BATON ROUGE POLICE DEPARTMENT** | **MAGISTRATE JUDGE: SCOTT D. JOHNSON** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS UNDER FED.R.CIV.P. RULE 12(b)(6)

MAY IT PLEASE THE COURT:

Plaintiffs allege they were deprived of their Constitutional Rights to access publicly available information and newsgathering, attend and receive notices of public press conferences, and timely receive press releases. Plaintiffs allege they were deprived of these Constitutional guarantees through the arbitrary enactment of defendants City/Parish's unwritten "credentialing" policy and defendant City/Parish, through defendant Chief Paul's, other written policy, BRPD General Order 139.

Much of defendants' new arguments raised on Reply are red-herrings; namely, that plaintiffs' access to publicly available information will result in future litigation against present defendants and press conferences infused with members of the general public,[1] other media outlets have been previously "negative or critical" of defendants,[2] and plaintiffs are distinguishable from what defendants consider to be other local media members.[3] At best, these contentions are merit-

---

[1] (Rec. Doc. 34, pp. 1-2, 6).
[2] (Rec. Doc. 34, pp. 5).
[3] (Rec. Doc. 34, p. 6).

1

based arguments completely irrelevant to the sole inquiry on a Fed.R.Civ.P. Rule 12(b)(6) Motion, i.e., whether plaintiffs allege a claim for injunctive and declaratory relief on the face of their pleadings.

The law prohibits defendants from restricting plaintiffs access to publicly available information and newsgathering because they do not like the content or viewpoint of Unfiltered with Kiran and Ms. Chawla's speech.[4] Plaintiffs allege in Paragraphs 5, 12, 13, 15a, 21, 24c, 24g, 25, 26, 27, 28 they were denied access to and notice of press conferences, and press releases because of their viewpoint citing specific examples, including denial of information related to the discipline of a police officer, denial of information related to the police department's budget and expenses on June 28, 2021, removal from a press conference on September 1, 2022, and denial of publicly available information in April/May, 2022, through the imposition of defendant Chief Paul's arbitrary application of BRPD General Order 139. This satisfies the notice-pleading standard under Fed.R.Civ.P. Rule 8 defeating defendants' Fed.R.Civ.P. Rule 12(b)(6) Motion.

Defendants contend for the first time on Reply that plaintiffs only allege being denied publicly available information on three (3) occasions and do not "establish[] a basis that the requested information was public [or] that the information was not readily available through other means".[5] Whether the information denied may be available elsewhere is irrelevant. Plaintiffs allege, with factual detail, the content of the information sought, how plaintiffs attempted to access the information, and how defendants denied plaintiffs this information in violation of their

---

[4] *See Branzburg v. Hayes,* 408 U.S. 665, 681, 33 L. Ed. 2d 626, 92 S. Ct. 2646 (1972); *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Counsel*, 425 U.S. 748, 757, 48 L.Ed. 2d 346, 96 S. Ct. 1817 (1976); *Citicasters Co. v. Finkbeiner*, 2007 U.S. Dist. LEXIS 113246 *1, *2-10 (N.D. Ohio 1/31/07); *Quad-City Community News Services, Inc. v. Jebens*, 334 F. Supp. 8, 11-14 (S.D. Iowa 11/2/71); *The Times-Picayune Publishing Corp. v. Lee*, 1988 U.S. Dist. LEXIS 3506 *1, (E.D. La. 4/15/88).
[5] (Rec. Doc. 34, p. 7).

Constitutional Rights. For example, plaintiffs allege they attempted to exercise their Constitutional Rights to access:

- information about union billboards but were denied by defendants;[6]

- copies of public records regarding an investigative piece involving BRPD but were denied despite other news outlets being provided the same information immediately upon request;[7]

- information regarding an officer under discipline on July 6, 2021, for which plaintiffs were directed to submit a request for the information a public records portal although they never were required to do so in the past and other news media outlets did not have to do so;[8]

- public records regarding crime, arrests, and an at-large fugitive in Baton Rouge although the same information was provided to other media outlets, including an online media outlet in the United Kingdom, U.S. Sun, which reported on women's breasts and "sexy night out with Kendall";[9]

- public records about an officer, Donald Steele, facing discipline. All other news outlets were not required to submit their questions for public information through the portal and were provided the information requested immediately without delay. To the contrary, plaintiffs did not receive a response to her public records request until 17 days later which was not even responsive to the original request;[10] and

- information regarding Officer Patterson on July 19, 2022, information regarding probable cause documents for Zachary Sibille on August 3, 2022, and information regarding Richmond Barrow on August 31, 2022.[11]

Defendants' conclusory contention on Reply that the information sought on July 19, 2022, and August 31, 2022, was not publicly available is belied by the actual allegations in Paragraph 19 defeating the Fed.R.Civ.P. Rule 12(b)(6) Motion.

---

[6] *See* (Rec. Doc. 25, ¶6).
[7] *See* (Rec. Doc. 25, ¶7).
[8] *See* (Rec. Doc. 25, ¶13).
[9] *See* (Rec. Doc. 25, ¶¶14, 15).
[10] *See* (Rec. Doc. 25, ¶16).
[11] *See* (Rec. Doc. 25, ¶19).

Plaintiffs also allege the denial of their rights to timely gather publicly available information at press conferences, including on June 28, 2021,[12] in April/May, 2022,[13] on September 1, 2021,[14] on September 22, 2022,[15] on August 26, 2023,[16] on August 28, 2023,[17] and on August 31, 2023.[18] The Supplemental, Amending, and Restated Complaint alleges the actual content of the information sought and how plaintiffs were denied notice of and/or access to the press conferences. In accord with *The Times-Picayune Publishing Corp. v. Lee*, 1988 U.S. Dist. LEXIS 3506 *1, *8 (E.D. La. 4/15/88)[19], Unfiltered with Kiran and Ms. Chawla were entitled to timely access information publicly available and disseminated at the press conference. Notably, the information disseminated at the press conferences were about significant events in the area and vital to the community, including crime, use of public funds, and officer conduct. Preventing plaintiffs from accessing this information deprived not only the plaintiffs from gathering public information but the public at large who obtain their news from plaintiffs. As in *Lee*, the flow of information from plaintiffs to the public, as opposed to from other media outlets, was arbitrarily "curtailed" simply because defendants did not like plaintiffs' viewpoint and content. These instances were simply not addressed by defendants in the Reply Memorandum.

Defendants contend for the first time, the Fed.R.Civ.P. Rule 12(b)(6) Motion should be granted because the denial of access set forth in the Supplemental, Amending, and Restated Complaint occurred before plaintiffs obtained a "press identification card" from the Louisiana Association of Broadcasters. Ms. Chawla obtained a "press identification card" in 2022. (Rec.

---

[12] *See* (Rec. Doc. 25, ¶¶10, 11, 12).
[13] See (Rec. Doc. 25, ¶15a).
[14] *See* (Rec. Doc. 25, ¶¶5, 22).
[15] *See* (Rec. Doc. 25, ¶¶23, 24, 24a).
[16] *See* (Rec. Doc. 25, ¶24b).
[17] *See* (Rec. Doc. 25, ¶24c).
[18] *See* (Rec. Doc. 25, ¶24d).
[19] Holding Sheriff Lee's materially and adversely impaired the Times-Picayune's ability to "gather and report the news in a timely, comprehensive and informative manner".

Doc. 25, ¶21); *See also* Ms. Chawla's "press identification" card attached to her Affidavit of Irreparable Harm. Yet as plaintiffs alleged, defendants continued to deny her access to public information and press conferences even after she obtained the "press identification" card, including on August 26, 2023, August 28, 2023, and August 31, 2023. (Rec. Doc. 25, ¶¶24b, 24c, 24d).

Defendants do not address plaintiffs' claims there was and is no due process to contest the arbitrary enforcement of an alleged unwritten "credentialing" policy and, separately BRPD General Order 139. There are two separate policies of the defendants. Existing law, including under *Sherrill v. Knight*, 569 F.3d 124 (D.C. 1997) and *Alaska Landmine, LLC v. Dunleavy*, 514 F.Supp.3d 1123 (D.C. Ak 1/22/21), requires defendants afford plaintiffs a mechanism to appeal the denial of plaintiffs' Constitutional Rights. Yet, plaintiffs allege both the unwritten "credentialing" policy and BRPD General Order 139 was arbitrarily enforced against plaintiffs without any available redress as applied and on their face. *See* ¶¶ 6, 15a, 21, 22, 24(g), 25, 26.

Intertwined in this case is the public's right to access the same available information plaintiffs sought and were excluded from gathering. Defendants' arbitrary enforcement of the unwritten "credentialing" policy and BRPD General Order 139 to the exclusion of plaintiffs and in preference of other news media outlets deprives the public from accessing the same information through plaintiffs as opposed to these other media outlets. Defendants' selective exclusion of plaintiffs from accessing the same public information disseminated to other news media outlets, including in the United Kingdom, is indicative of viewpoint discrimination/retaliation and highlights the unconstitutionality of the unwritten "credentialing" policy and BRPD General 139 facially and as applied to plaintiffs.

Plaintiffs plausibly set forth causes of action for injunctive and declaratory relief on the face of their pleadings. Defendants' Motion should be denied.

Respectfully Submitted,

By: __/s W. Brett Conrad, Jr. _____
Jill L. Craft, T.A., La. Bar Roll No. 20922
W. Brett Conrad, Jr., La. Bar Roll No. 37639
Jill L. Craft, Attorney at Law, LLC
329 Saint Ferdinand Street
Baton Rouge, Louisiana 70802
Phone: (225) 663-2612
Fax: (225) 663-2613
Emails: jcraft@craftlaw.net
bconrad@craftlaw.net

## **CERTIFICATE OF SERVICE**

I hereby certify a copy of the above and foregoing was filed electronically using the Court's CM/ECF system on this 9th day of November, 2023. Notice of this filing will be sent to Trial Counsel of record for all parties by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 9th day of November, 2023.

_____/s W. Brett Conrad, Jr. _____